### UNITED STATES v. PESKIN.

#### No. 9667.

United States Court of Appeals
Third Circuit.
Argued Dec. 6, 1948.
Decided Feb. 25, 1949.

O'CONNELL, Circuit Judge, dissenting.

Paul Yermish, of Philadelphia, Pa., for appellant.

Edward A. Kallick, Asst. U. S. Atty., of Philadelphia, Pa. (Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and MARIS and O'CONNELL, Circuit Judges.

BIGGS, Chief Judge.

The defendant, Peskin, was found guilty by a jury on counts 1 and 3 of an indictment charging him with violations of the Selective Training and Service Act of 1940, § 11, as amended, 50 U.S.C.A.Appendix, § 311. In count 1 he was charged with making a false statement in writing to his Local Board dated April 15, 1944 representing that he was employed as a timekeeper-checker for Marine Welding Company doing war work when in fact he was not so employed; that by reason of this false representation he obtained a classification of II-B in violation of Section 11 of the Act. In count 3 Peskin was charged with violation of Section 626.1(b)[1] of the regulations made pursuant to the Act in that "having allegedly obtained employment at the Marine Welding Company doing war work, and being a timekeeper-checker as stated in a letter filed and submitted * * * " to his Board, he failed to advise the Local Board that Marine Welding Company had ceased doing business and had dissolved about August 1, 1944.

It may be argued that the evidence offered by the United States under count 1 proved that Peskin had never been employed in war work by Marine; that, therefore, he could properly have been found guilty, as he was, of making a false statement in writing to his Board. But, if he was guilty under count 1 he could not be guilty of failing to inform his Board of a change of status as required by Regulation 626.1(b), that status not having changed since he had never been employed in war work by Marine.

Such an argument is without merit. Peskin achieved his deferred status by reason of his representation that he was employed in war work by Marine. When Marine went out of business and dissolved about August 1, 1944 that fact might have resulted in Peskin being reclassified by his Board. Peskin therefore had a duty under Regulation 626.1(b) to inform the Board of the fact that Marine had dissolved or gone out of business. The evidence proved conclusively that Peskin did not notify the Local Board of the pertinent fact referred to as required. The jury, therefore, properly found him guilty of the offense charged in count 3 of the indictment as well as of that charged in count 1. This was a distinct and separate offense from that covered by count 1. That it was perhaps an offense of lesser magnitude was undoubtedly taken into consideration by the trial court which sentenced Peskin to a term of imprisonment of one month on count 3 to run concurrently with the sentence of two years imposed on count 1.

We have carefully considered the points raised in the defendant's brief and argument. We find them to be without merit.

The judgments of conviction will be affirmed.

O'CONNELL, Circuit Judge (dissenting).

The jury in the case at bar apparently believed that Peskin never was employed by the Marine Welding Co. The question, then, is whether Regulation 626.1(b) should be interpreted to impose upon a man, who has falsely represented that he was so employed, the duty of notifying the Board that his purported employer has subsequently ceased doing business, lest his offense be compounded by failure to supply that later information.

---

[1] The regulation, 32 CFR, Cum.Supp. Sec. 626.1(b), in pertinent part then read as follows: "Each classified registrant shall, within 10 days after it occurs, and any other person should, within 10 days after knowledge thereof, report to the local board in writing any fact that might result in such registrant being placed in a different classification."

I think the regulation was designed to meet only those situations, such as United States v. Wain, 2 Cir., 1947, 162 F.2d 60, where a registrant was in fact employed. Consequently, upon the evidence presented, I believe that, while Peskin might have been found guilty on either the first or the third count, he could not have been convicted on both counts.

Accordingly, I dissent from the conclusion of the majority of this court.